Opinion issued October 1, 2020



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-20-00223-CV**
**NO. 01-20-00224-CV**

_____

## W.J. BILLY DEVILLIER AND PAULA WINSER, Appellants

## V.

## A.P. LEONARDS AND MILDRED G. LEONARDS, Appellees

On Appeal from the County Court
Chambers County, Texas
Trial Court Case Nos. P03986A, P03846A

**MEMORANDUM OPINION**

Appellants, W.J. "Billy" Devillier and Paula Winzer, seek permission to appeal two virtually identical interlocutory orders on will construction issues. Appellees, A.P. Leonards and Mildred G. Leonards, have not filed a response to the petitions for permissive appeal.

To be entitled to a permissive appeal from an interlocutory order that would not otherwise be appealable, the requesting party must establish that (1) the order to be appealed involves a "controlling question of law as to which there is a substantial ground for difference of opinion" and (2) an immediate appeal from the order "may materially advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); *See* TEX. R. APP. P. 28.3(e)(4); TEX. R. CIV. P. 168.

Both the trial court's orders and relators' petitions for permissive appeal identify the enforceability of the exculpatory clauses in the wills as the controlling issue of law and assert the issue is one of first impression in Texas. Assuming enforceability of the exculpatory clauses is a controlling question of law, the orders and the petitions must still reflect substantial grounds for disagreement as to the issue. The trial court's orders state:

> The Court's ruling contained in this *Amended Order on Will Construction Issues* pertains to a controlling question of law, which is undecided in Texas and to which there is a substantial ground for difference of opinion. The controlling question of law is whether the exculpatory clause contained [in each of the decedents' wills] is enforceable under Texas law.

2

(Emphasis in original.) Although the orders refer to the enforceability of the exculpatory clauses as one of first impression, they do not explain how or why there is a "substantial ground for difference of opinion" on the issue.

Further, the trial court's orders do not explain how the determination of the appeals would materially advance the ultimate termination of the litigation. Nor do appellants explain in their petitions how resolution of the issue would materially advance the ultimate termination of the litigation. In fact, the only reference to this requirement in the petitions is a citation to the trial court's orders, which say the permissive appeal "may materially advance the ultimate termination of the litigation."

Because we conclude that the petitions fail to establish each requirement of Texas Rule of Appellate Procedure 28.3(3)(e)(4), we deny the petitions for permissive appeal.

**PER CURIAM**

Panel consists of Justices Keyes, Lloyd, and Landau.